IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick R. Bryant,<br><br>                Petitioner,<br><br>v.<br><br>Larry Cartledge, Warden, Perry<br>Correctional Institution,<br><br>                Respondent. | No. 8:13-cv-316-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Respondent's motion for summary judgment. (Dkt. No. 27). As set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Respondent then filed a motion for summary judgment. (Dkt. No. 16). Petitioner then filed a response in opposition to the motion. (Dkt. No. 19). The Magistrate Judge then issued the present R&R. (Dkt. No. 27). Petitioner then filed timely objections to the R&R. (Dkt. No. 32). Subsequently, Petitioner filed a motion to appoint counsel and a motion for an evidentiary hearing. (Dkt. Nos. 34, 35).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing this petition, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of

a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

Petitioner's petition states four grounds for relief. They are:

**Ground One:** The [P]etitioner's conviction is in violation of the U.S. Const. and laws and treaties of U.S.

*Supporting Facts:* Respondents violated the [P]etitioner's 4, 5, 6 and 14th Amendment of U.S. Const.

**Ground Two:** The Court lack[ed] subject matter jurisdiction over the [P]etitioner in this matter.

3

| | |
|---|---|
| *Supporting Facts:* | Was not indicted by a legal grand jury. |
| **Ground Three:** | The PCR judge went contrary to the U.S. Supreme Court precedent and applied a legal context that should not apply and his decision was objectively unreasonable. |
| *Supporting Facts:* | See PCR order attached/PCR attorney ineffective/ *Martinez v. Ryan*, 132 S.Ct. 1309. |
| **Ground Four:** | The S.C. Supreme Court made an unreasonable application of the U.S. Supreme Court precedent. |
| *Supporting Facts:* | See Supreme Court's Order. |

(Dkt. No. 1). After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge appropriately found that none of the above grounds entitled Petitioner to relief and correctly recommended that Respondent's motion for summary judgment be granted.

The Court agrees that Ground One should be dismissed as impermissibly vague under Fed. R. Civ. P. 8(a)(2) and Rule 2(c) of the Rules Governing Habeas Cases. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005). Although the Court is required to liberally construe Petitioner's pleadings, it is not required to invent arguments or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court also agrees that Ground Two should be dismissed. This ground argues that the trial court lacked subject matter jurisdiction because he was not indicted by a legal grand jury. However, a state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Ashford v. Evans*, 780 F.2d 405, 407 (4th Cir. 1985).

The Court also agrees that Ground Three lacks the necessary factual specificity. However, even if construed to state a claim for ineffective assistance of counsel, the Court agrees with the Magistrate Judge that Petitioner clearly fails to show that the PCR judge's determination that Petitioner failed to satisfy *Strickland* was objectively unreasonable or was contrary to Supreme Court precedent.

Finally, Ground Four fails to state a claim for relief because it is a only a vague and conclusory statement that the South Carolina Supreme Court unreasonably applied United States Supreme Court precedent. Petitioner does not provide any factual support for this conclusion.

Petitioner's objections similarly fail to make many specific arguments regarding how the Magistrate Judge erred in the R&R. However, to the extent that the Court can discern them, it addresses them here. At one point, Petitioner objects to the "entire R&R" because "petitioner had a constitutional right to an effective attorney in the collateral (PCR) proceeding." (Dkt. No. 32 at 4). This is a misstatement of the law: "A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings." *Horonzy v. Smith*, No. 1:11-cv-235-EJL, 2013 WL 3776372, at *1 (D. Idaho July 16, 2013) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); 28 U.S.C. § 2254(i) (providing "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

Petitioner also objects that his trial counsel was ineffective for failing to object to the indictment at trial. (Dkt. No. 6 at 11). In his order ruling on Petitioner's first PCR application, the PCR judge dismissed this argument because Petitioner presented no evidence in support of this allegation at the hearing on his application. (Dkt. No. 15-23 at 162). However, Petitioner again raised the argument in a second PCR application and the PCR judge determined that there

5

was nothing defective with the indictment. (Dkt. No. 27 at 19-20). Even assuming this argument is not procedurally defaulted, Petitioner has not established why the PCR judge's conclusion regarding the indictment was not correct. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (stating a petitioner can establish cause for a default by demonstrating PCR counsel was ineffective and that underlying ineffectiveness of trial counsel claim has merit). Therefore, Petitioner cannot establish prejudice under *Strickland* based on his trial counsel's failure to raise this meritless argument at trial.

The Court also denies Petitioner's motions to appoint counsel and for an evidentiary hearing. (Dkt. Nos. 34, 35). The Court finds neither the characteristics of Plaintiff nor the claims presented in this Petition are so exceptional as to warrant the appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975). Further, the Court finds in its discretion that this motion can be decided on the submissions of the parties and that a hearing is not required. Local Civil Rule 7.08 DSC.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 27). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 16). Further, the Court DENIES Petitioner's motions to appoint counsel and for an evidentiary hearing. (Dkt. Nos. 34, 35).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 9, 2014
Charleston, South Carolina